IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JERRY M. BLEVINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:10CV 619 |
| | ) |
| **CITY OF TUSKEGEE, ALABAMA,** | ) **JURY TRIAL DEMANDED** |
| a Municipal Corporation; **ALFRED J.** | ) |
| **DAVIS,** in his individual and | ) |
| representative capacities; **JOHNNY** | ) |
| **FORD,** in his individual and | ) |
| representative capacities; **OMAR NEAL** | ) |
| in his official capacity as Mayor of the | ) |
| City of Tuskegee; **MAE DORIS** | ) |
| **WILLIAMS,** in her individual and | ) |
| representative capacities; and **WILLIE** | ) |
| **LOUISE FIELDS,** in her individual and | ) |
| representative capacities, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Jerry M. Blevins, by and through his attorneys of record, and for his Complaint against the Defendants, City of Tuskegee, Alabama, Alfred J. Davis, Johnny Ford, Omar Neal, Mae Doris Williams, and Willie Louise Fields, states as follows:

### PARTIES AND VENUE

1. Plaintiff, Jerry M. Blevins ("Blevins"), is a white male over the age of nineteen (19) years and a permanent resident of the County of Montgomery, State of Alabama. At all times mentioned herein, Blevins was a duly licensed attorney engaged in the private practice of law as a solo practitioner in the State of Alabama, with his business office located in Montgomery County, Alabama.

2.     Defendant City of Tuskegee, Alabama, is a body corporate, a municipality, formed and existing under the laws of the State of Alabama located in Macon County, State of Alabama. During all times mentioned herein, the governing body of the City of Tuskegee was a council-manager form of government, pursuant to Ala. Code § 11-43A-1, et seq., (1975), with a five (5) member council consisting of: Mayor Johnny Ford, Councilwoman at Large Mae Doris Williams, Councilman Lutalo K. Aryee, Councilwoman Willie Louise Fields, and Councilwoman Georgette White-Moon.

3.     Defendant Alfred J. Davis ("Davis") is a black male over the age of nineteen (19) and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Davis was employed by Defendant City of Tuskegee as its City Manager and was acting within the line and scope of his employment/agency during all times complained of. Blevins brings this action against Davis in both his individual and representative capacities.

4.     Defendant Johnny Ford ("Ford") is a black male over the age of nineteen (19) and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Ford served as the mayor of the City of Tuskegee and was acting within the line and scope of his duties as mayor during all times complained of. Blevins brings this action against Ford in both his individual and representative capacities.

5.     Defendant Omar Neal ("Neal") is a black male over the age of nineteen (19) and is the present mayor of the City of Tuskegee. He is sued only on his official capacity as mayor.

6.     Defendant Mae Doris Williams ("Williams") is a black female over the age of nineteen (19) and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Williams served as a councilwoman for the City of

2

Tuskegee and was acting within the line and scope of her representative capacity as a councilwoman. Blevins brings this action against Williams in both her individual and representative capacities.

7. Defendant Willie Louise Fields ("Fields") is a black female over the age of nineteen (19) years and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Fields served as a councilwoman for the City of Tuskegee, Alabama, and was acting within the line and scope of her representative capacity as a councilwoman. Blevins brings this action against Fields in both her individual and representative capacities.

8. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

9. The Defendants are located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

10. Plaintiff adopts and re-alleges each and every allegation contained in paragraphs 1-7 as if set out anew herein.

11. On or about May 25, 2005, Blevins learned that Defendant City of Tuskegee was accepting applications for municipal judge and municipal prosecutor, via a notice distributed by Defendant Davis. A copy of said notice is attached hereto as "Exhibit A", the content of which is incorporated by reference as if set forth fully herein.

12. In response to the notice, Blevins submitted his application and resume to

Defendant Davis for the position of city prosecutor.

13.     Blevins was interviewed by Defendant City of Tuskegee's five (5) member City Council, along with Defendant Davis, in or around September of 2005. During that meeting, the rate of pay for the city prosecutor position was discussed and agreed upon should Blevins be appointed to that position.

14.     On or about November 3, 2005, Blevins was notified by Defendant Davis of his appointment as city prosecutor. A copy of the notice of appointment is attached hereto as "Exhibit B", the content of which is incorporated by reference as if set forth fully herein.

15.     Blevins was appointed city prosecutor based on the majority vote of the governing body, consisting of yea votes of Council Members Aryee, Fields, and White-Moon, and nay votes of Mayor Ford and Councilwoman Williams.

16.     Blevins accepted the appointment and assumed the position of city prosecutor immediately thereafter.

17.     At the time of Blevins' appointment, Albert C. Bulls, III ("Bulls"), a black male, was the municipal judge for the City of Tuskegee.

18.     Subsequent to Blevins' appointment, Bulls continued to serve in that position by default pursuant to Ala. Code § 12-14-30(b) (1975), due to the governing body's failure to appoint a successor municipal judge.

19.     On or about July 13, 2006, Bulls engaged in what Blevins deemed to be unethical conduct when Bulls, without justification, verbally attacked Carmellia Graves, the victim of a vicious assault, during a restitution hearing in municipal court (hereinafter referred to as the "Graves matter").

20. Prior to the Graves matter, Blevins and Bulls had been on good terms with one another.

21. As a result of Bulls' unethical conduct, Blevins filed a Complaint with the Judicial Inquiry Commission ("JIC") and further filed a Petition for Writ of Mandamus and Emergency Stay with the Circuit Court in Macon County, concerning certain rulings made by Bulls during the hearing on the Graves matter. Copies of the JIC complaint and the Petition for Writ of Mandamus and Motion for Emergency Stay are attached hereto as "Exhibit C" and "Exhibit D", respectively, the contents of which are incorporated by reference as if set forth fully herein. Copies of each of these exhibits were provided to Defendants.

22. In retaliation for the filing of the JIC complaint and the mandamus petition, Bulls orchestrated a campaign of false and/or misleading accusations against Blevins to the governing body of the City of Tuskegee and attempted to provoke Blevins into confrontations while in municipal court.

23. As a result of the aforementioned retaliation, Blevins filed a supplemental complaint with the JIC documenting the retaliatory measures taken by Bulls subsequent to the filing of the original JIC complaint. Attached hereto as "Exhibit E" is a copy of the supplemental complaint, with attachments, the content of which is incorporated by reference as if set forth fully herein. A copy of Exhibit E was provided to the Defendants.

24. Neither the governing body of the City of Tuskegee nor Defendant Davis took any action to address Bulls' misconduct or to protect Blevins from Bulls' continued acts of retaliation.

25. On or about March 2, 2007, Defendant Davis notified Blevins of his termination

as City Prosecutor, effective immediately, due to proclaimed "internal turmoil" and "confusion" existing in the municipal court.

26. Blevins' termination resulted from a majority vote of the governing body, consisting of yea votes by Mayor Ford and Council Members Fields and Williams, and nay votes by Council Members Aryee and White-Moon.

27. Prior to being terminated, Blevins was not afforded a "due process" hearing or a meeting with Defendants to address any matters upon which the termination was based.

28. Prior to the filing of this action, Blevins filed an itemized and verified claim with Defendant City of Tuskegee as required by Alabama law. Said claim has not been acted on as of the filing of this action.

## COUNT I - FRAUD IN THE INDUCEMENT (ALL DEFENDANTS)

29. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-28 above.

30. Defendant Davis, acting within the line and scope of his duty as city manager, represented to Blevins, in the notice referenced at ¶ 8 above, that Defendant was "...accepting applications and resumes for **permanent appointment** to the positions of...Tuskegee Municipal Court Prosecutor...**for the term of the current administration**." (Exhibit A, emphasis added.)

31. Defendant Davis represented to Blevins in the notice of appointment, referenced at ¶ 11 above, that he had been appointed City Prosecutor "...effective immediately **for the remaining tenure of this council which ends September 30, 2008**." (Exhibit B, emphasis added.)

32. The representations of Defendant Davis, set forth at ¶¶ 26 and 27 above, were

false and were made intentionally with knowledge of their falsity, recklessly without knowledge, or innocently and by mistake. In fact, at the time of Defendant Davis' representations, it was his understanding that the city prosecutor would serve at the pleasure of the governing body for the City of Tuskegee and may be terminated at any time, with or without cause.

33. Said representations by Defendant Davis were misrepresentations of material facts which were relied upon by Blevins in accepting the appointment of city prosecutor.

34. As a direct and proximate cause of said misrepresentations, Blevins has suffered lost income and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Court to award the following relief:

   a. That Plaintiff be awarded general compensatory damages in an amount to be proven at trial;

   b. That Plaintiff be awarded punitive damages in an amount to be proven at trial against Davis;

   c. That this Court order Defendants to pay all costs incurred, including reasonable attorneys' fees;

   d. That a trial by jury be held on all issues; and

   e. That Plaintiff be given any and all other relief, both at law and in equity, or to which he may otherwise reasonably be entitled.

## COUNT II - BREACH OF CONTRACT

35. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-34 above.

36. Blevins entered into a contractual agreement with Defendant City of Tuskegee, by and through Defendant Davis, to serve as city prosecutor through September 30, 2008.

7

37.     Defendants breached the contractual agreement in terminating Blevins as City Prosecutor on March 2, 2007, without just cause.

38.     In entering into the contractual agreement, Blevins gave substantial additional consideration for the agreement, separate and apart from the services to be rendered.

39.     As a direct and proximate result of Defendants' actions, Blevins has suffered injury/damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Court to award the following relief:

   a.   That Plaintiff be awarded general compensatory damages in an amount to be proven at trial;

   b.   That this Court order Defendants to pay all costs incurred, including reasonable attorneys' fees;

   c.   That a trial by jury be held on all issues; and

   d.   That Plaintiff be given any and all other relief, both at law and in equity, or to which he may otherwise reasonably be entitled.

### COUNT III - NEGLIGENCE (ALL DEFENDANTS)

40.     Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-39 above.

41.     Defendant Davis, acting within the line and scope of his duty as city manager, had a duty to ensure the accuracy of his representations to Blevins concerning the term of the position of City Prosecutor.

42.     Defendant Davis breached this duty of care in misstating the term of the position of City Prosecutor.

43. Said misstatements resulted from neglect, carelessness, or unskillfulness on the part of Defendant Davis.

44. Defendant City of Tuskegee is liable for Defendant Davis' actions pursuant to Ala. Code § 11-47-190 (1975).

45. As a direct and proximate result of Defendant Davis' negligence, Plaintiff has been injured/damaged.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Court to award the following relief:

a. That Plaintiff be awarded general compensatory damages in an amount to be proven at trial;

b. That Plaintiff be awarded punitive damages in an amount to be proven at trial against Davis;

c. That this Court order Defendants to pay all costs incurred, including reasonable attorneys' fees;

d. That a trial by jury be held on all issues; and

e. That Plaintiff be given any and all other relief, both at law and in equity, or to which he may otherwise reasonably be entitled.

**COUNT IV - DISCRIMINATION (ALA. CODE § 11-43A-45)**

46. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-45 above.

47. Code of Alabama Section 11-43A-45 (1975) provides:

> No person shall be appointed to or removed from, or in any way favored or discriminated against with respect to any municipal position or appointive municipal administrative office because of race, sex, political or religious opinions or affiliations.

48. Blevins alleges that his removal as city prosecutor resulted from race discrimination by Defendants.

49. Instead of addressing Bulls' continued acts of retaliation and misconduct, both on and off the bench, and in conducting no substantive inquiry into Bulls' misconduct, Blevins contends that Defendants simply ignored Bulls' misconduct and favored Bulls over Blevins in terminating Blevins as city prosecutor because Blevins is white.

50. As a result of Defendants' actions, Blevins has suffered mental anguish and other injuries/damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Court to award the following relief:

a. That Plaintiff be awarded general compensatory damages in an amount to be proven at trial;

b. That Plaintiff be awarded punitive damages in an amount to be proven at trial against Davis;

c. That this Court order Defendants to pay all costs incurred, including reasonable attorneys' fees;

d. That a trial by jury be held on all issues; and

e. That Plaintiff be given any and all other relief, both at law and in equity, or to which he may otherwise reasonably be entitled.

### COUNT V
### RACE DISCRIMINATION - § 1981

51. Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

52. During the course of Plaintiff's employment, Plaintiff was subjected to disparate

terms and conditions of his employment by Defendant City of Tuskegee, Alabama, because of his race, white, in that Plaintiff was denied family health insurance coverage as a benefit of employment but Bulls, a black employee in the same job classification, was provided such coverage.

53. In taking the above-described actions, Defendants intentionally and willfully discriminated against plaintiff due to his race, white, in violation of § 1981 of Title 42, U.S.C.

54. Defendants' actions were in violation of § 1981, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

55. As a proximate consequence of the violations of § 1981 by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Placement in the position(s) in which he would have worked absent the Defendants' discriminatory treatment; or, in lieu thereof, front pay;

b. All back pay and fringe benefits from the date of his termination;

c. Pre-judgment interest;

d. Attorneys' fees;

e. Costs;

f. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

g. Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981 or to which he may be

entitled.

## COUNT VI
## § 1981 - RETALIATION

56.   Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

57.   During the course of Plaintiff's employment Plaintiff repeatedly inquired about and complained about the denial of his insurance coverage while Bulls was provided such coverage. On March 1, 2007, Plaintiff notified Defendant Davis that it appeared the denial was racially motivated, and that Plaintiff had contacted the EEOC concerning the matter. On March 2, 2007, Plaintiff was notified of his termination as City Prosecutor, effective immediately.

58.   Plaintiff avers that his termination was in retaliation for his inquiries, complaints, and contacting the EEOC with regard to his concerns of racial discrimination.

59.   In taking the above-described actions, Defendants intentionally and wrongfully retaliated against Plaintiff for his complaints of discrimination in violation of §1981, and such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

60.   As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

    a.   Placement in the position(s) in which he would have worked absent Defendants' retaliatory treatment; or, in lieu thereof, front pay;

    b.   All back pay from the date of his wrongful termination;

c.  Injunctive relief;

d.  Pre-judgment interest;

e.  Attorneys' fees;

f.  Costs;

g.  Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, embarrassment, both past and future; and

h.  Such other legal or equitable relief as may be appropriate to effectuate the purposes of § 1981 or to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**Respectfully submitted,**

*/s/ John D. Saxon*

**John D. Saxon**
Alabama Bar No. ASB-3258-071J
**Joseph A. Hutchings**
Alabama Bar No. ASB-8363-H59H
**Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, AL 35203
Tel:  (205) 324-0223
Fax:  (205) 323-1853
Email:  jsaxon@saxonattorneys.com
        jhutchings@saxonattorneys.com

**PLAINTIFF'S ADDRESS**

Jerry M. Blevins
2800 Zelda Road
Suite 200-3

Montgomery, AL 36106

**PLEASE SERVE DEFENDANTS BY**
**CERTIFIED MAIL RETURN RECEIPT REQUESTED**:

**CITY OF TUSKEGEE**
c/o Omar Neal
Mayor
101 Fonville Street
Post Office Box 830687
Tuskegee, AL 36083

**ALFRED J. DAVIS**
101 Fonville Street
Post Office Box 830687
Tuskegee, AL 36083

**JOHNNY FORD**
1203 East Lakeshore Drive
Tuskegee, AL 36083

**OMAR NEAL**
101 Fonville Street
Post Office Box 830687
Tuskegee, AL 36083

**MAE DORIS WILLIAMS**
701 East Lakeshore Drive
Tuskegee, AL 36083

**WILLIE FIELDS**
2601 Auburn Street
Tuskegee, AL 36083