# EXHIBIT D

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

CITY OF TUSKEGEE, ALABAMA,          *
                                    *          **"EXHIBIT D"**
          Petitioner,               *
                                    *
vs.                                 *          CASE NO.: _____
                                    *
ALBERT CLARENCE BULLS,              *
Municipal Judge for the City of     *
Tuskegee, Alabama,                  *
                                    *
          Respondent.               *

## PETITION FOR WRIT OF MANDAMUS
## AND
## MOTION FOR EMERGENCY STAY

Jerry M. Blevins, as City Prosecutor for the Municipality of Tuskegee, Alabama, hereby

petitions the Circuit Court of Macon County, Alabama for a Writ of Mandamus to issue to the

Hon. Albert Clarence Bulls, Municipal Judge for the City of Tuskegee, Alabama, directing Judge

Bulls to vacate his Order of July 13, 2006, entered in the case styled: *City of Tuskegee v. Elijah*

*Woods*, and further moves the Court for an emergency stay of further proceedings in the

Municipal Court, and as grounds therefore would show as follows:

### STATEMENT OF FACTS

1.  On February 24, 2005, Elijah Woods ("Woods") was before the Municipal Court for

Tuskegee, Alabama, in the case styled: *City of Tuskegee v. Elijah Woods*, case number MC-

2005-000028,  charged with the offense of Assault 3rd degree. (see Exhibit A, p. 1).

2.  Woods pled guilty as charged pursuant to a plea agreement.  The agreement, inter alia,

required Woods to pay restitution to Ms. Carmellia Graves, the victim of the assault, in the

amount of $2,731.66. (see Exhibit A, p. 2).

3.  On or about July 6, 2006, Woods appeared at the Municipal Court Clerk's office to pay

1

the court ordered restitution in full.

4.   Judge Bulls directed the Municipal Clerk not to accept the money and ordered that a hearing be set for July 13, 2006.

5.   On July 13, 2006, over Petitioner's objection, Judge Bulls, sua sponte, entered an order reducing the restitution amount by $1,033.73, to the sum of $1,697.33.  (see Exhibit A, p. 3).

6.   On July 27, 2006, Petitioner filed a Motion to Vacate Order of July 13, 2006, with the Municipal Court. (see Exhibit B).

7.   On July 31, 2006, in response to Petitioner's motion, the Municipal Court Clerk notified Petitioner that Judge Bulls wanted a hearing set on the case and that at said hearing Judge Bulls intends on vacating Woods' conviction and reopening the case.

Hence, this petition.

## ISSUES

I.   Whether the Municipal Court lacked jurisdiction to enter the amended restitution order of July 13, 2006, which was entered almost a year and a half after sentence was imposed pursuant to a plea agreement, in which the restitution was agreed to?  YES.

II.   Whether the Municipal Court lacks jurisdiction to vacate Woods' conviction and to reopen the criminal case? Yes.

## STATEMENT OF REASONS FOR
## ISSUANCE OF WRIT

This Court should issue the Writ herein requested because:

   a)   the Municipal Court lacked jurisdiction to amend the restitution order entered on February 24, 2005. Accordingly, the Order of July 13, 2006 which reduced the restitution figure from $2,731.66, to $1,697.33, is void;

   b)   the Municipal Court lacks jurisdiction to vacate Woods' conviction and reopen the criminal case.

2

## ARGUMENT

In *Dixon v. State*, 920 So.2d, 1122 (Ala. Crim.App. 2005), the Court of Criminal Appeals noted that the 30-day rule regarding the trial court's authority to alter or amend a sentence rests, at least in part, on a desire for finality and surety of judgment and that this same concern clearly underlies the concept of restitution. see also *Alford v. State*, 651 So.2d 1109, 1114 (Ala.Crim.App. 1994). The Court held that restitution and a statutory assessment, like a fine, are components of a sentence, therefore, a final restitution order, like a sentencing order, can only be modified within 30 days of the order's becoming final. The same principles espoused in *Dixon*, also apply to a Municipal Court, with the exception that the 30-day rule is actually a 14-day rule as provide by Rule 25. 5, *Ala.R.Crim.P.*.

In the present matter, the Municipal Court entered its sentencing order on February 24, 2005, which included the agreed upon restitution amount of $2,731.66. Pursuant to Rule 25.5, the Municipal Court lost jurisdiction over the case fourteen (14) days thereafter, on March 11, 2005. Because the entry of the order of July 13, 2006, was entered clearly in excess of fourteen (14) days after the final judgment was rendered, the order is void due to lack of subject matter jurisdiction. *Payne v. State*, 915 So.2d 1179 (Ala.Crim.App. 2005).

For the same reasons set forth above, the Municipal Court further lacks jurisdiction to vacate Woods' conviction and reopen the case.

## MOTION FOR EMERGENCY STAY

In order to prevent further harm to Ms. Carmellia Graves, the victim, and further inappropriate action by the Municipal Court, Petitioner requests an emergency stay  barring the Municipal Court from taking further action of any type in the Woods case until such time as this Court has ruled on this petition.

3

## RELIEF SOUGHT

Petitioner respectfully requests that this Court grant the requested Writ of Mandamus and order that Hon. Albert C. Bulls rescind his order of July 13, 2006, for the reasons as set forth above. Petitioner further requests an emergency stay barring any further proceedings by the Municipal Court in the case styled *City of Tuskegee v. Elijah Woods*, case number MC-2005-000028, until such time as this Court has ruled on the pending petition.

I certify that, on the date indicated below, I have served copies of this petition and all documents attached on the respondent judge and on all other parties to the action in the trial court.

Date: August, 3, 2006

JERRY M. BLEVINS (BLE003)
Petitioner
City Prosecutor for Tuskegee, Alabama

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

        Ms. Angie Hamilton
        Municipal Court Clerk
        Tuskegee, Alabama

        Hon. Albert C. Bulls
        P.O. Box 1233
        Tuskegee Institute, Alabama 36087-1233

        Mr. Elijah Woods
        8844 Hwy. 29 South
        Tuskegee, Alabama 36083

via by hand delivery and/or U.S. Mail, this the 3rd day of August, 2006.

        Jerry M. Blevins

5

Jul 24 06 04:07p        Pearl Dallas                                3347241288                    p.3

| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** | Case Number MC 05 038 |
|---|---|---|

| Defendant (Name) *Elijah Woods* | Sex M | Race 73 | DOB | Court Date |
|---|---|---|---|---|
| Address | Charge *Assault 3rd* | | | |
| | Arrest Date | | Arresting Officer | |
| Phone No. | | | | |
| Employer | Date Committed to Jail | | Date Released from Jail | |
| Phone No. | | | | |
| Complainant *Carmellia Graves* | Amount of Bond | | Attorney for Defendant | |
| Witnesses | Sureties | | | |

**BENCH NOTES:**

2/24/05 - Defendant waived rights & pleads guilty w/ agreement of Complainant and prosecutor. Court finds defendant guilty & sentences as follows: 300 fine plus Cost Restitution of $2,731.66 & hereof whole & 90 days suspended. Total Fine & Cost $463.00 Def to private probation

On _____ (date) the defendant appears in open court in person and pleads (guilty) (not guilty).
After hearing the evidence it is the judgment of the court that defendant is _____ guilty and is fined $ _____ together with $ _____ cost and $ _____ restitution to the victim and sentenced to _____ days in (city) (county) jail. Defendant to Pay $ _____ per day for housing and maintenance plus actual medical expenses incurred during the period of incarceration. Defendant is given _____ days credit for time already served in jail on this charge.
Additional orders _____

12/1/05 - Defendant appears; Complainant failed to appear. Def to pay Thru Probation Service.
8/3/06 - _____ Judgment for _____ restitution in favor of Carmellia Evans in the amount of $2731.66 is hereby ordered. Def order to pay $200.00 per month starting July 06 to Probate Ser in addition to Cost of Collection, court cost, fine Cost $ _____

| **FEE SHEET** | | | | TIME SERVED | |
|---|---|---|---|---|---|
| **SUMMARY** | | | | | |
| Fine | $ | 300.00 | | | |
| Costs (Local) | | 162.00 | | | |
| Fair Trial Tax | | | | _____ days served at $ _____ per day | |
| Peace Officers' Annuity Fund | | | | | |
| Crime Victims Comp. Fund | | | **APPEAL RECORD** | | |
| Other *Restitution* | | 2,731.66 | | | |
| Bond Forfeiture | | | Circuit Court Case Number | | |
| **TOTAL** | $ | 3,194.66 | Date of Appeal | | |
| | | | Amount of Bond | | |
| **CASH PAYMENT** | | | Bondsmen | | |
| Date 10-8-12 | Receipt Number 281037 | Amount $ 100.00 | Orders of the Circuit Court | | |
| | | | | | |
| | | | **"EXHIBIT A"** | | |

Total Restitution $1,697.33                              Page 1 P3 page

Jul 24 06 04:07p     Pearl Dallas                                              3347241288                    p.1

Unified Judicial System
Form MC-3B Rev. 2/87

# COMPLAINT

|  | Case Number |  |  |
|---|---|---|---|
|  | ID | YR | NUMBER |
|  |  |  |  |

**THE STATE OF ALABAMA**                    IN THE MUNICIPAL COURT OF

_____**MACON**_____ COUNTY          _____**TUSKEGEE**_____ **ALABAMA**

Before me, Judge/Magistrate of the Municipal Court of _____**TUSKEGEE**_____, personally
appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has
probable cause for believing and does believe that _____*Elijah Woods*_____
whose name is otherwise unknown to complainant, did, within 12 months of the commencement of this action
commit the offense of _____**ASSAULT 3rd**_____
_____ within the City/Town of _____**TUSKEGEE**_____,
or the Police Jurisdiction thereof, in that he/she did:

*Elijah Woods* DID WITH INTENT TO CAUSE PHYSICAL INJURY
TO ANOTHER PERSON: CAUSE PHYSICAL INJURY TO *Carmellia Graves*
BY *hitting her in the mouth with his fist causing swelling and bruising to her upper lip*

in violation of Ordinance Number/Section ____**87-7**____, which embraces Section __13A-6-22__, Code of
Alabama 1975, previously duly adopted, effective and in full force at the time the offense was committed.

Sworn to and subscribed before me,
this ____ *August 01* ____ 19 __*03*__

_____
Judge/Magistrate

Complainant *Carmellia Graves*
Address *1603 Auburn St*
Telephone Number *(334) 727-0146*

*List any witnesses on a separate sheet

## APPEARANCE BOND

We, _____, Defendant, and _____
Sureties, agree to pay the City/Town of _____, the sum of _____
Dollars unless the said Defendant appears on _____, 19 ____, in the Municipal Court
of _____, and from time to time thereafter until discharged by law, to answer
to the charge of _____
now pending against said defendant.
    We hereby waive the benefits of all laws exempting property from levy and sale under execution or other
process for the collection of this debt by the Constitution or laws of the State of Alabama, and we hereby waive our
right to claim exempt our wages or salary, that we have under the laws of Alabama. We hereby severally certify that
we have property over and above all debts and liabilities to the amount of the above bond.

| Name | _____ (L.S.) | Address | _____ |
| Name | _____ (L.S.) | Address | _____ |
| Name | _____ (L.S.) | Address | _____ |

Approved this the _____ day of _____

_____, 19 ____.

Signature _____

Title _____

*Page 2 of 3 pages*

Jul 24 06 04:07p    Pearl Dallas                                3347241288                    p.2

| ate of Alabama | | | | Case number: MC 05 000028 |
| --- | --- | --- | --- | --- |

**CASE ACTION SUMMARY**

ate of Alabama
fied Judicial System

orm CS201K  Rev. 08/2001

The City of  CITY OF TUSKEGEE

Case number:
MC 05 000028

Soc Sec Number:
00-00-0000

| Defendant Name and Address ELIJAH WOODS 8844 HWY 29 SOUTH TUSKEGEE AL 36083 Telephone Number: | Sex M | Race B | Date of Birth 2/14/51 | Court Date 7/13/06 |
| --- | --- | --- | --- | --- |
| | Charge ASSAULT IN THE THIRD DEGR | | | |
| mployer                Telephone Number | Arrest Date 8/17/03 | Arresting Officer LEMUEL OLIVER | | |
| | Date Committed to Jail | | Date Released | |
| omplainant            Warrant Number                              0000C000 | Bond Amount | | Attorney of Defendant | |
| Waived Counsel  ☐ Yes   ☐ No ase continued to ___ | Sureties | | | |

ench Notes:
_____
_____
_____
_____

On_____ the defendant appears in open court in person and pleads
☐ guilty ☐ not guilty. After hearing the evidence it is the judgement of the court that
defendant is☐ guilty   ☐ not guilty and is fined $_____ together with $_____
court cost, and $ _____ restitution, and sentenced to _____ days in city jail.
Additional orders _____
Case nolle prossed _____

Judge / Municipal Clerk

**FEE SHEET**

| Summary | | |
| --- | --- | --- |
| Fine amount | $ | 200.00 |
| Court cost amount | $ | 163.00 |
| Cash payment amount | $ | |
| | Amount | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

_____ days served at $ _____ per day.
7/13/06 - This matter was before the Court to determine
the correct amount of Restitution. This Court was
previously informed by the Municipal Court Clerk this
there was no evidence in file to support the previously
ordered amt of $2731.66. The Clerk sent nolly to all
parties to be present in Court on this date to
determine the correct amount of Restitution. Present was
the Defendant. The Complainant & the Prosecute. The
Complaint asked appeal Record ___ of Restitul Day
Circuit Court Number __ he could prove was #1,897.33. The
Date of Appeal _____ circuit Court had that ____
Amount of Bond __ The Correct Restitution in the 1,697.33
Bondsmen ____ which the Defendant paid in Court
Orders of the Circuit Court __ on this date.

Page 3 of 3 pages

orm number: 014/CS201

7/13/06
Municipal Judge

IN THE MUNICIPAL COURT OF TUSKEGEE, ALABAMA

CITY OF TUSKEGEE,                    *
                                     *
            Plaintiff,               *
                                     *
vs.                                  *        CASE NO.:  MC-2005-000028
                                     *
ELIJAH WOODS,                        *
                                     *        __"EXHIBIT B"__
            Defendant.               *

## MOTION TO VACATE ORDER
## OF JULY 13, 2006

**COMES NOW** the City of Tuskegee, Alabama, by and through the City Prosecutor, and moves the Court to vacate its order of July 13, 2006, and as grounds therefore would show as follows:

1. On February 24, 2005, pursuant to a plea agreement, Defendant pled guilty and was convicted of the offense of Assault 3rd degree.

2. In accordance with the terms of the plea agreement, Defendant was sentenced to, inter alia, a ninety (90) day suspended sentence; one (1) year of probation; and was ordered to pay restitution to the victim of the assault - Ms. Carmellia Graves, in the amount of $2,731.66.

3. On July 13, 2006, almost a year an a half later and over the objection of the City, the Court, sua sponte, entered an order reducing the restitution by $1,033.73, to the sum of $1,697.33.

4. The City hereby renews its objection to the Court's Order of July 13, 2006, in that the Court lacked jurisdiction to amend the restitution figure as shown below.

5. In *Dixon v. State*, 920 So.2d, 1122 (Ala. Crim.App. 2005), the Court of Criminal Appeals noted that the 30-day rule regarding the trial court's authority to alter or amend a sentence rests, at least in part, on a desire for finality and surety of judgment and that this

*Filed: Carla Griffon*
*7/27/06*

1

same concern clearly underlies the concept of restitution. see also *Alford v. State*, 651
So.2d 1109, 1114 (Ala.Crim.App. 1994). <u>The Court held that restitution and a statutory
assessment, like a fine, are components of a sentence, therefore, a final restitution order,
like a sentencing order, can only be modified within 30 days of the order's becoming
final</u>.

6.  The same principles espoused in *Dixon*, also apply to a Municipal Court, with the
    exception that the 30-day rule is actually a 14-day rule as provide by Rule 25. 5,
    *Ala.R.Crim.P.*.

7.  In the present matter, the Court entered *its sentencing order on February 24, 2005, which*
    included the agreed upon restitution amount of $2,731.66.  Pursuant to Rule 25.5,
    *Ala.R.Crim.P.*, the Court lost jurisdiction over the case fourteen (14) days thereafter, on –
    March 10, 2005.

8.  Because the entry of the order of July 13, 2006, was entered clearly in excess of fourteen
    (14) days after sentence *was pronounced, the order is void due to lack of subject matter*
    jurisdiction. *Payne v. State*, 915 So.2d 1179 (Ala.Crim.App. 2005).

**WHEREFORE** the City requests that the Court vacate its Order of July 13, 2006,  for the
reasons set forth herein.

Date: July 27, 2006

JERRY M. BLEVINS (BLE003)
City Prosecutor for Tuskegee, Alabama

2

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

        Mr. Elijah Woods
        8844 Hwy. 29 South
        Tuskegee, Alabama 36083

by depositing a copy of the same in the U.S. Mail, postage prepaid, this the 27th day of July, 2006.

        Jerry M. Blevins

3